IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:94-CR-68-FL-11

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ANTHONY HARGETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for hearing February 8, 2024, on United States Probation's amended motion for revocation of supervised release (DE 877) and defendant's motion for reduction of sentence pursuant to § 404 of the First Step Act of 2018 (DE 891). The court memorializes herein reasons for denying the First Step Act motion. In addition, the court reiterates its grant of the motion for revocation and finding that statutory maximum term of 60 months' imprisonment is the appropriate sentence in this case, for the reasons stated herein and additionally at hearing.

## BACKGROUND

Indictment returned November 15, 1994, charged defendant and 39 co-defendants with one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Defendant pleaded guilty to this offense on April 24, 1995.

At sentencing on June 10, 1996, the court found defendant distributed 1.5 kilograms of cocaine base, well over the 50-gram threshold necessary to trigger enhanced statutory range of 10 years to life imprisonment under 21 U.S.C. § 841(b)(1)(A) (1996). (See Sent'g Tr. (DE 862) at 4). In addition, defendant's mandatory sentencing guidelines range was 360 months to life imprisonment. (Sent'g Tr. (DE 862) at 4–5). The court sentenced defendant to 360 months'

imprisonment and five years' supervised release.

Following sentencing, the court granted three motions for reduction of defendant's sentence. In March 1998, the court reduced the custodial sentence to 288 months' imprisonment. In September 2009 and December 2011, respectively, the court granted two additional motions for reduction of sentence pursuant to retroactive amendments to the sentencing guidelines, and ultimately reduced the custodial sentence to 210 months.

Defendant completed his custodial sentence and commenced five-year term of supervised release on or about December 27, 2011. On March 24, 2015, defendant was charged with first-degree murder in Craven County, North Carolina, based on a shooting at a motel in Havelock where defendant killed James Walter Godette, Jr. (DE 827, 890 at 2). On the basis of this state charge, probation moved for revocation of supervised release.[1] The revocation proceedings were held in abeyance pending resolution of defendant's state criminal proceedings, with the federal arrest warrant lodged as a detainer. Ultimately, a jury convicted defendant of voluntary manslaughter in the Craven County Superior Court, and he was sentenced to 97 to 129 months' imprisonment. (DE 877). Following defendant's completion of his state sentence in November 2023, probation file the instant amended motion for revocation based on the voluntary manslaughter conviction.

Defendant now moves for reduction of sentence pursuant to the First Step Act (DE 891). As discussed further below, defendant argues that application of the First Step Act reduces the statutory maximum sentence for the instant revocation proceedings to 24 months' imprisonment, and that the guidelines range also is reduced to that same term. The court held hearing on the

---

[1] This case was reassigned to the undersigned United States District Judge upon probation's filing of the motion for revocation, due to the retirement of the district judge who presided over the original criminal proceedings.

motion to reduce sentence together with the revocation proceeding.

## COURT'S DISCUSSION

A.     Standard of Review

Section 404 of the First Step Act allows defendants sentenced before enactment of the Fair Sentencing Act to move for retroactive application of the Act based on the revised statutory penalties associated with cocaine base. See First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act of 2010, § 2(a), Pub. L. No. 111-220, 124 Stat. 2372). Section 404 provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, sentence reductions are not permitted if the defendant's sentence previously was imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied the motion on the merits. Id.

If a defendant is eligible for sentence reduction pursuant to § 404, the court should first recalculate the Guidelines range in light of the Fair Sentencing Act's changes to the statutory

3

penalties, and then determine the appropriate sentence using the relevant factors under 18 U.S.C. § 3553(a). See Concepcion v. United States, 597 U.S. 481, 498 n.6, 500–02 (2022). The United States Court of Appeals for the Fourth Circuit has summarized the procedure for First Step Act motions as follows: "First, [district courts] must recalculate the movant's Guidelines range only to the extent it adjusts for the Fair Sentencing Act. Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023). With respect to step two, the district court "may then consider postsentencing conduct or nonretroactive changes [to the guidelines range] in selecting or rejecting an appropriate sentence, with the properly calculated guidelines range as the benchmark." Id. at 183–84. When conducting this analysis, the court "must consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the [18 U.S.C. § 3553(a)] factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." Id. at 185; see also Concepcion, 597 U.S. at 500–02. The district court's "discretion is broad and its burden light" when resolving a First Step Act motion, and all that is required is a "brief statement of reasons." Troy, 64 F.4th at 184; Concepcion, 597 U.S. at 501.

B.   Analysis

Here, defendant is eligible for a sentence reduction because the offense of conviction satisfies the definition of "covered offense." As discussed above, the Fair Sentencing Act modified the statutory penalties for certain cocaine base offenses that triggered the mandatory minimum sentences in 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B). See Terry v. United States, 593 U.S. 486, 492–94 (2021); Dorsey, 567 U.S. at 269. Because he was sentenced prior to Apprendi

4

v. New Jersey, 530 U.S. 466 (2000), defendant's indictment does not specify the pre-Fair Sentencing Act 50-gram threshold for triggering enhanced punishment under § 841(b)(1)(A). See Dorsey, 567 U.S. at 269 (describing pre-Fair Sentencing Act scheme). However, it is clear that the court sentenced defendant pursuant to the enhanced penalties in 21 U.S.C. § 841(b)(1)(A). Consistent with § 841(b)(1)(A), the PSR listed the statutory maximum term as 10 years to life imprisonment. (PSR (DE 888) at 1 & ¶ 60). The court also determined defendant was responsible for 1,500 kilograms of cocaine base, well over the 50-gram threshold. (Sent'g Tr. (DE 862) at 4). And the sentence of 360 months' imprisonment fell within the 10 years to life range in § 841(b)(1)(A). Thus, defendant was convicted of an offense "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." See First Step Act § 404(a); Terry, 593 U.S. at 492–94.

In addition, the Fourth Circuit has held that revocation sentences may be reduced if the defendant's offense of conviction qualifies as a covered offense. See United States v. Venable, 943 F.3d 187, 192–93 (4th Cir. 2019). Accordingly, where defendant's offense of conviction is a "covered offense" and he is not otherwise precluded from seeking relief under § 404, he is eligible for a sentence reduction.

The court next recalculates the guidelines range by substituting the Fair Sentencing Act's changes to the statutory penalties, and applying any corresponding changes to the guidelines. See Concepcion, 597 U.S. at 498 n.6; United States v. Smith, 75 F.4th 459, 465 (4th Cir. 2023). As noted above, the indictment charges defendant with conspiracy to distribute and possess with intent to distribute a quantity of cocaine and cocaine base. (DE 1). Under the Fair Sentencing Act, the penalty for that offense is zero to 20 years' imprisonment because the indictment does not specify a drug quantity that triggers enhanced statutory punishment under § 841. See 21 U.S.C.

5

§ 841(b)(1)(C); see also Apprendi, 530 U.S. at 476 (holding that any fact that increases the statutory maximum punishment must be charged in the indictment and proved beyond a reasonable doubt); Jones v. United States, 431 F. Supp. 3d 740, 751 (E.D. Va. 2020) (concluding in First Step Act resentencing that "[a] defendant cannot be resentenced under a statute carrying a mandatory minimum sentence when he or she was not indicted for any particular drug quantity and the jury was never required to make a finding that would support the application of a mandatory minimum").

Turning to the guidelines range for the revocation proceedings, an offense with a statutory maximum punishment of 20 years' imprisonment is a class C felony. See 18 U.S.C. § 3559(a)(3). And under 18 U.S.C. § 3583(e)(3), if the underlying offense is a class C felony, the maximum term of imprisonment that can be imposed upon revocation of supervised release is 24 months' imprisonment. The guidelines range for defendant's grade A violation, criminal history category VI, also is 24 months' imprisonment based on application of the statutory maximum. See U.S.S.G. § 7B1.4(b)(1) ("Where the statutorily authorized maximum term of imprisonment that is imposable upon revocation is less than the minimum of the applicable range, the statutorily authorized maximum term shall be substituted for the applicable range."). Accordingly, after adjusting for the revised penalties under the Fair Sentencing Act, both the guidelines range and the statutory maximum sentence for defendant's revocation proceeding is 24 months' imprisonment.

Having determined the guidelines range under the Fair Sentencing Act, the court turned to whether defendant's sentence should be reduced. See Concepcion, 597 U.S. at 486–87. In light of Concepcion, district courts are not required to reduce any sentence under the First Step Act, even if that means maintaining a sentence that exceeds the new statutory maximum under the Fair Sentencing Act. United States v. Reed, 58 F.4th 816, 821–22 (4th Cir. 2023) (holding that

6

Concepcion abrogates contrary rule announced in United States v. Collington, 995 F.3d 347 (4th Cir. 2021)).[2]  As noted above, however, the court must consider the revised guidelines range under the Fair Sentencing Act and defendant's arguments for a reduced sentence, and explain why the sentence is appropriate in light of the pertinent factors under 18 U.S.C. § 3553(a) and defendant's individual characteristics.  Troy, 64 F.4th at 185; see also Concepcion, 597 U.S. at 500–02.

In a revocation proceeding the court considers the following factors under 18 U.S.C. § 3553(a) together with the chapter seven policy statements in the guidelines manual governing revocation of supervised release.  See United States v. Webb, 738 F.3d 638 (4th Cir. 2013).  Thus, the court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> . . .
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); 18 U.S.C. 3583(e) (providing relevant § 3553(a) factors for revocation of supervised release).  Pursuant to the chapter seven policy statement, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the

---

[2] Defendant's motion relies on United States v. Lucas, 855 F. App'x 146 (4th Cir. 2021) for the proposition that a "revocation sentence may not exceed the new statutory maximum sentence" under the Fair Sentencing Act. (Def's Mot. (DE 891) at 4).  As defendant acknowledged at hearing, that is no longer a correct statement of the law following Concepcion.  See Reed, 58 F.4th at 821–22.

7

Case 4:94-cr-00068-FL   Document 894   Filed 02/12/24   Page 7 of 9

seriousness of the underlying violation and the criminal history of the violator." See U.S.S.G. ch.7 pt. A, introductory cmt. 3(b); see also Webb, 738 F.3d at 641.

Here, the court exercised its discretion to deny the First Step Act motion and impose revocation sentence of 60 months' imprisonment. Defendant committed an egregious breach of the court's trust when he killed the victim in the state offense during a shootout. Defendant's criminal history also establishes a troubling and lengthy history of extremely violent conduct and distribution of controlled substances in this district. And although defendant has served two lengthy terms of incarceration, it has not deterred him from criminal conduct. Moreover, defendant's criminal conduct continued even after he was incarcerated for voluntary manslaughter in a state correctional facility, where he incurred 29 disciplinary infractions, which included possessing controlled substances, being an active rioter, fighting with a weapon, and eight counts of engaging in sexual acts. (DE 890 at 3). Although the court considered the remedial purposes of the First Step Act and defendant's arguments for a sentence reduction, these factors do not justify a sentence of 24 months' imprisonment when evaluated in light of the history and characteristics of defendant, the need to protect the public and afford deterrence, and to account for defendant's breach of the court's trust. Instead, the court determined only a sentence of 60 months' imprisonment, the statutory maximum without application of the Fair Sentencing Act, satisfies the relevant § 3553(a) factors and chapter seven policy statement.

## CONCLUSION

In sum, for the reasons stated herein and orally at hearing, the court DENIED defendant's motion for reduction of sentence pursuant to the First Step Act (DE 891), GRANTED the amended motion for revocation of supervised release (DE 877), and sentenced defendant to 60 months' imprisonment.

This the 12th day of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge